UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLA PAGE,

    Plaintiff,

v.

MICHAEL J. BOUCHARD, BRIAN
FOSTER, JEFFERY BECK, FREDERICK
M. TOCA, JR., and HATCHETT,
DEWALT, HATCHETT,

Case No. 04-CV-73875

Honorable Patrick J. Duggan

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS AGAINST ATTORNEY WILLIAM G. PIERSON FOR HIS WILLFUL FAILURE TO COMPLY WITH RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE IN THIS CIVIL ACTION**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan, on JUNE 3, 2005.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Presently before the Court is Plaintiff's motion for Rule 11 sanctions against William G. Pierson, attorney for Defendants Michael Bouchard, Brian Foster, and Jeffrey Beck. Plaintiff seeks sanctions against Mr. Pierson, claiming that he failed to serve Plaintiff with copies of pleadings contrary to his proofs of service. Mr. Pierson has filed a response to Plaintiff's motion in which he contends that his office– the Oakland County Corporation Counsel– in fact mailed copies of the pleadings at issue to Plaintiff's address

1

as set forth in his proofs of service.  As the Court informed the parties in a notice issued on June 2, 2005, it is dispensing with oral argument with respect to Plaintiff's motion in accordance with Local Rule 7.1(e)(2).

Rule 11 of the Federal Rules of Civil Procedure provides that by presenting to the court a pleading, written motion or other paper, an attorney "is certifying that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the document *inter alia* "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . ." FED. R. CIV. P. 11(b)(1).  Rule 11 provides procedural requirements that *must* be followed before sanctions can be imposed.  FED. R. CIV. P. 11(c)(1).  One of these requirements is a two-step process set forth in subdivision (c)(1)(A) of the rule, known as the "safe harbor" provision.  This provision requires a party intending to file a motion for sanctions with the court to "first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion with the court."  *Ridder v. City of Southfield*, 109 F.3d 288, 293-94 (6th Cir. 1997).

To the extent Rule 11 is applicable to Mr. Pierson's proofs of service, Plaintiff has not established that she complied with its safe harbor provision.  In any event, Mr. Pierson complied with Rule 5 if he served Defendants' responsive pleadings to Plaintiff's complaint and Defendants' response to Plaintiff's motion for appointment of legal counsel by mailing copies of those pleadings to Plaintiff's last known address.  As Rule 5 provides, "[s]ervice by mail is complete on mailing." FED. R. CIV. P. 5(b)(2)(B).  Mr.

Pierson has assured the Court that he or individuals in his office mailed copies of the pleadings at issue to Plaintiff. The Court therefore finds no basis to conclude that the statements in his proofs of service are not accurate "to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances."

Accordingly,

**IT IS ORDERED,** that Plaintiff's motion for Rule 11 sanctions against Attorney William G. Pierson is **DENIED**.

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Carla Page
Marcellus Long, Jr.
Frederick M. Toca, Jr.
William G. Pierson