UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLA PAGE,

    Plaintiff,

v.

MICHAEL J. BOUCHARD, BRIAN           Case No. 04-CV-73875
FOSTER, JEFFERY BECK, FREDERICK
M. TOCA, JR., and HATCHETT,                Honorable Patrick J. Duggan
DEWALT, HATCHETT,

    Defendants.
_____/

## OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS MICHAEL J. BOUCHARD, BRIAN FOSTER, AND JEFFERY BECK, ONLY

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan, on September 20, 2005.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff filed this lawsuit on September 30, 2004. As to Defendants Michael J. Bouchard, Brian Foster, and Jeffery Beck (jointly "County Defendants"), Plaintiff alleges that her rights pursuant to the United States Constitution were violated when she attempted to visit her boyfriend at the Oakland County Jail Work Release Facility in Pontiac, Michigan on September 30, 2001.[1] Specifically, Plaintiff alleges the following

---

[1] Plaintiff's claims against Defendants Toca and Hatchett, Dewalt, Hatchett ("law firm") arise from their representation of Plaintiff in her civil lawsuit in the Oakland

1

three counts against the County Defendants: (1) "violation of [her] federal civil rights and deprivation of federal protected rights, guarantees under 4th, 5th, 6th, 8th, 13th, [and] 14th Amendments to [the] U.S. Constitution," pursuant to 42 U.S.C. § 1983; (2) "violation of 'equal protection of the law' and 'substantive due process of law' under the 5th [and] 6th Amendments to the U.S. Constitution," pursuant to 42 U.S.C. §§ 1983 and 1981; and (3) "conspiracy to violate [her] federal civil rights." *See* Pl.'s Am. Compl. (capitalization and bold print omitted).  Presently before the Court is the County Defendants' motion for summary judgment, filed August 9, 2005.  On September 2, 2005, this Court issued a Notice informing the parties that it was dispensing with oral argument pursuant to Local Rule 7.1(e)(2).

## I.     Factual and Procedural Background

On September 30, 2001, Plaintiff arrived at the Oakland County Jail Work Release Facility ("WRF" or "facility") in order to visit her boyfriend.  Plaintiff was accompanied by her boyfriend's mother, Almeda Cook ("Ms. Cook").  Oakland County Sheriffs Deputy Jeffery Beck ("Defendant Beck") was working at the front desk when Plaintiff arrived.  Defendant Beck asked Plaintiff and Ms. Cook for valid identification.  Plaintiff

---

County Circuit Court against Defendants Foster and Beck, Oakland County, and the Oakland County Sheriff's Department, based on the events of September 30, 2001. Against Toca and the law firm, Plaintiff alleges the following counts: (1) "deprivation of [her] federal constitutional rights under 5th and 6th Amendments to the U.S. Constitution - violation of "due process of law" "right to effective assistance of legal counsel" and "reasonable competent standard - constitutional tort and federal civil rights claim" pursuant to 42 U.S.C. § 1981; and (2) legal malpractice.  *See* Pl.'s Am. Compl.

procured her Michigan's driver's license, which the County Defendants claim was mutilated. WRF staff previously informed Plaintiff that her license needed to be replaced or her visiting privileges would be suspended. Therefore, Defendant Beck informed Plaintiff that she would not be able to visit her boyfriend unless she presented an unmutilated license.

According to Defendant Beck, Plaintiff then became agitated. *See* Mot. Ex. C at 32. Defendant Beck therefore asked Plaintiff to leave the facility. What happened next appears to be in dispute. The County Defendants claim Plaintiff became increasingly agitated and eventually Defendant Beck and Oakland County Deputy Foster ("Defendant Foster") escorted her out of the WRF. Plaintiff alleges that Defendants Foster and Beck used excessive force to remove her from the facility and "forcefully shoved" her down stairs outside the facility's doors.

On February 20, 2002, Plaintiff filed a complaint in Oakland County Circuit Court against Oakland County ("County"), the Oakland County Sheriff's Department ("Sheriff's Department"), Defendant Beck, and Defendant Foster. Plaintiff alleged the following claims in her state court complaint based on the events at the WRF on September 30, 2001: (1) assault and battery; (2) intentional infliction of emotional distress; (3) gross negligence; and (4) a claim alleging that the County and Sheriff's Department were liable for the actions of Defendants Beck and Foster. *See* Mot. Ex. D. The defendants subsequently filed a motion for summary disposition.

On December 3, 2002, the Honorable Edward Sosnick entered an opinion and

order granting the defendants' motion.  *See* Mot. Ex. E.  In his opinion, Judge Sosnick held that the individual defendants (i.e. Defendants Foster and Beck) were immune from liability pursuant to Michigan law because they were not grossly negligent.  *See id*. at 3 (citing MICH. COMP. LAWS ANN. § 691.1407).  Judge Sosnick made the following factual findings in reaching his holding:

> There is simply no evidence of negligence, gross or ordinary, demonstrated by the facts of the case.  It is undisputed that the plaintiff was behaving in an unruly manner.  The officers restrained her arms while she was flailing wildly in the lobby.  They escorted her towards the door and asked her to leave.  There is no evidence of physical injury nor of conduct so reckless as to demonstrate a substantial lack of concern whether injury might result.

*See id*. at 3-4.  Judge Sosnick further ruled that, even if Defendants Beck and Foster were not entitled to governmental immunity, Plaintiff's tort claims should be dismissed.  *See id*. at 4.  With respect to Plaintiff's claim for assault and battery, the court found that "the undisputed evidence shows that the officers used only as much force as was reasonably necessary to escort the plaintiff to the door."  *See id*.

Almost two years after Judge Sosnick dismissed Plaintiff's state court action, she filed her complaint in the pending matter.

## II.     Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986).  After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

## III.    The County Defendants' Arguments

The County Defendants set forth several arguments to support their motion for summary judgment.  First they argue that Defendant Michael Bouchard, the Oakland County Sheriff, is entitled to summary judgment because he was not personally involved in the incident on September 30, 2001, and cannot be held liable on a respondeat superior or vicarious liability theory.  The County Defendants further argue with respect to Defendant Bouchard that Plaintiff has failed to properly allege and prove the standard for liability under a failure to train or improper supervision theory.  As to Defendants Beck and Foster, the County Defendants argue that Plaintiff has failed to allege and prove any violation of a known constitutional right.  Alternatively, the County Defendants argue that Defendants Beck and Foster are entitled to qualified immunity.  The County Defendants

also argue that Plaintiff's claims are barred by the applicable statute of limitations.[2]

Finally, invoking the *Rooker/Feldman* doctrine, the County Defendants argue that Plaintiff's present complaint is nothing more than an attack on Judge Sosnick's decision in the state court action.

## IV.   Applicable Law and Analysis

The County Defendants confuse the *Rooker/Feldman* doctrine and the doctrine of collateral estoppel.  As the Sixth Circuit has described, the *Rooker/Feldman* doctrine provides that a court lacks subject matter jurisdiction over claims that would require the court to exercise "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings."  *Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005)(quoting *Executive Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004)).  The County Defendants do not state that they are seeking summary judgment because the Court lacks jurisdiction over Plaintiff's claims pursuant to this doctrine; rather, they argue that Plaintiff is collaterally estopped from pursuing claims in federal court that were

---

[2] The County Defendants contend the applicable limitations period is the two year period set forth in Michigan's statute of limitations for actions charging assault, battery, or false imprisonment, MICH. COMP. LAWS ANN. § 600.5805(2).  The Sixth Circuit, however, applies the three year period set forth in Michigan's statute of limitations for general actions to recover for the injury to a person, MICH. COMP. LAWS ANN. § 600.5805(10).  *See, e.g., McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986); *Bomer v. Bass*, 76 Fed. Appx. 62 (6th Cir. 2003)(unpublished opinion).  Plaintiff filed her complaint in federal court on September 30, 2004.  As the incident occurred on September 30, 2001, the Court finds that her action is not time-barred.

raised or should have been raised in the state court action.

In any event, the Supreme Court issued an opinion this past term severely narrowing the *Rooker/Feldman* doctrine from the broad interpretation given by the lower federal courts. *Exxon Mobil Corp. v. Saudi Basic Industries*, ___ U.S. ___, 125 S. Ct. 1517 (2005). In *Exxon Mobil*, the Court held that the doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 125 S. Ct. at 1521-22. In other words, for the *Rooker/Feldman* doctrine to apply, the injury alleged in the federal proceeding must be based on (or alleged to be based on) the state court's decision itself. That is not the case here.

The Supreme Court noted, however, issues of fact or law adjudicated by a state court may bar a federal state court action pursuant to federal preclusion law. As the Court explained, "The Full Faith and Credit Act, 28 U.S.C. § 1738 . . . requires the federal court to 'give the same preclusive effect to a state-court judgment as another court of that State would give.'" *Id.* (quoting *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S. Ct. 768 (1986)).

Under Michigan law, the doctrine of res judicata bars a subsequent action when (1) the prior action was decided on the merits, (2) the issues raised in the second case either were resolved in the first, or through the exercise of reasonable diligence might have been raised and resolved in the first case, and (3) both actions involve the same parties or their

privies. *Pierson Sand & Gravel, Inc. v. Keeler Brass Co.*, 460 Mich. 372, 379, 596 N.W.2d 153 (1999); *Sloan v. City of Madison Hgts.*, 425 Mich. 288, 389 N.W.2d 418, 422 (1986). With respect to the third requirement, under Michigan law mutuality is not required when res judicata is being used defensively. *Gilbert v. Ferry*, 413 F.3d 578, 581 (6th Cir. 2005)(citing *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 681, 677 N.W.2d 843 (2004)); *see also Monat*, at 689 (stating that "[t]here is no compelling reason . . . for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation.") Having considered the above requirements, the Court finds that Plaintiff's claims against the County Defendants are barred by the doctrine of res judicata.

     First, Plaintiff's state court action was decided on the merits. Second, through the exercise of reasonable diligence Plaintiff's pending federal claims could have been raised and resolved in that action. *See Dep't of Treasury v. Campbell*, 161 Mich. App. 526, 529, 411 N.W.2d 72 (1986)(citing *Martinez v. California*, 444 U.S. 277, 100 S.Ct. 553 (1980) and noting that Michigan courts have recognized concurrent jurisdiction of the State's courts over Section 1983 claims). Moreover, the Sixth Circuit has held that "[w]here two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978); *see also White v. Robinson*, Case No. 92-1497, 1993 WL 158490 (6th Cir. May 14, 1993)(dismissing the plaintiffs' § 1983 action where the factual underpinning for the

action was identical to that of an action previously dismissed on the merits by the state court).

Plaintiff's claims against the County Defendants also are barred by the doctrine of collateral estoppel. The Sixth Circuit recently summarized the elements necessary for estoppel to apply in Michigan, as follows:

> "(1) 'a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment'; (2) 'the same parties must have had a full [and fair] opportunity to litigate the issue;' and (3) 'there must be mutuality of estoppel.'"

*Gilbert*, 413 F.3d at 580-81 (quoting *Monat*, 469 Mich. at 681)(quoting *Storey v. Meijer, Inc.*, 431 Mich. 368, 373 n.3, 429 N.W.2d 169 (1988)). As with res judicata, under Michigan law mutuality is not required when collateral estoppel is being used defensively. *Id.* at 581.

At most, the allegations in Plaintiff's first amended complaint arguably support a claim that Defendants Beck and Foster used unreasonable and excessive force to remove her from the WRF.[3] The Fourth Amendment guarantees individuals "the right to be free

---

[3] In her complaint, Plaintiff claims that she was subjected to an "unreasonable arrest" and an "unreasonable search and seizure." She fails to allege or present facts to support a finding that she was "arrested" or "searched." Plaintiff further claims that Defendants Beck and Foster violated her rights to equal protection, due process, and substantive due process; however, even the most liberal reading of the pleadings fails to reveal any grounds for these violations. Plaintiff also alleges violations of the Fifth, Sixth, Eighth, and Thirteenth Amendments. The Fifth Amendment applies to federal action, not to private action or state action. *Chapman v. Higbee Co.*, 256 F.3d 416, 425 n.10 (6th Cir. 2001)(citing *Bolling v. Sharpe*, 347 U.S. 497, 74 S. Ct. 693 (1954)). Formal adjudication of guilt in a criminal prosecution is a precondition for protection

from excessive force during an arrest."[4] *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 173 (6th Cir. 2004)(citation omitted). Excessive force claims are evaluated under the Fourth Amendment's reasonableness standard– i.e. whether the officer's actions were objectively reasonable under the circumstances. *Adams v. Metiva*, 21 F.3d 375, 385 (6th Cir. 1994)(citations omitted).

As discussed *supra*, in dismissing Plaintiff's assault and battery claim against Defendant Foster and Beck, Judge Sosnick ruled that "the undisputed evidence shows that the officers used only as much force as was reasonably necessary to escort the plaintiff to the door." Plaintiff had a full and fair opportunity to litigate this factual issue in the state court and the issue was determined by a valid and final judgment. Additionally, Judge Sosnick's factual determination was essential to the judgment. Accordingly Plaintiff is barred from re-litigating this factual issue in the pending matter and therefore she cannot establish the elements necessary to prove her excessive force claim. If the officers did not use excessive force against Plaintiff, she also cannot prove that Defendant Bouchard's hiring and deputizing of these officers caused her to suffer a constitutional violation.

Accordingly,

---

under the Eighth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977); *Bass v. Robinson*, 167 F.3d 1041, 1048-49 (6th Cir. 1999). The Court cannot possibly imagine how the Thirteenth Amendment banning slavery applies in this case; nor can the Court imagine how Plaintiff's Sixth Amendment rights were violated as she was not subject to criminal prosecution.

[4]Although, as set forth *infra* at note 3, there is no evidence that Plaintiff was "arrested."

**IT IS ORDERED**, that the motion for summary judgment by Defendants Michael J. Bouchard, Brian Foster, and Jeffery Beck, Only is **GRANTED**.

_____
s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Carla Page
Marcellus Long, Jr.
Frederick M. Toca, Jr.
William G. Pierson