UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLA PAGE,

      Plaintiff,

v.                                                    Case No. 04-73875
                                                  Honorable Patrick J. Duggan

MICHAEL J. BOUCHARD, BRIAN FOSTER,
JEFFERY BECK, FREDERICK M. TOCA, JR.,
and HATCHETT, DEWALT, HATCHETT,

      Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 19, 2005.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiff filed this lawsuit *in pro per* on September 30, 2004, naming as defendants Michael Bouchard, Brian Foster, Jeffery Beck, Frederick Toca, Jr., and the law firm of Hatchett, Dewalt, Hatchett ("Firm"). On August 9, 2005, Bouchard, Foster, and Beck (hereafter "County Defendants") filed a motion for summary judgment, which the Court granted on September 20, 2005. Presently before the Court are motions for summary judgment filed by the Firm and Toca on October 12, 2005. Plaintiff has filed responses to the motions. On December 15, 2005, this Court issued a Notice informing the parties that it is dispensing with oral argument with respect to Toca's and the Firm's motions for

summary judgment pursuant to Local Rule 7.1(e)(2).

**I.     Procedural Background**

Despite naming Toca and the Firm as defendants in the initial complaint, Plaintiff did not allege any conduct by these defendants and she did not allege any claims against them.  Plaintiff in fact did not serve Toca and the Firm with a copy of her complaint. On January 18, 2005, however, Plaintiff filed a First Amended Complaint.  In this complaint Plaintiff alleges claims against Toca and the Firm, specifically: (1) "deprivation of Plaintiff's federal constitutional rights under [the] 5th and 6th Amendments to the U.S. Constitution - violation of 'due process of law' 'right to effective assistance of legal counsel' and 'reasonable competent standard['] - constitutional tort and federal civil rights claim - pursuant to 42 U.S.C. #1981" (Count IV); and (2) "legal malpractice action" (Count V).

Plaintiff's claims against Toca and the Firm in her First Amended Complaint arise from their representation of Plaintiff in a civil lawsuit in the Oakland County Circuit Court, State of Michigan, in which Plaintiff sued the County Defendants.  Plaintiff served the Firm with a Summons and copy of the First Amended Complaint on January 18, 2005.  Plaintiff served Toca with a Summons and copy of the First Amended Complaint at a motion's hearing on May 12, 2005.[1]

---

[1] Plaintiff filed a return of service stating that she served Toca on January 19, 2005. When Toca failed to file an answer, Plaintiff filed a motion for default judgment which this Court scheduled for a hearing on May 12, 2005.  At the hearing, it became clear that Plaintiff did not properly serve Toca in January; therefore, the Court denied Plaintiff's

## II. Factual Background

As relevant to the pending motions, on some date prior to February 20, 2002, Plaintiff hired Toca and the Firm to represent her in a lawsuit against the County Defendants. According to the complaint Toca and the Firm filed in state court on Plaintiff's behalf on February 20, 2002, her claims against the County Defendants arose from an incident at the Oakland County Work Release Facility ("facility") on September 31, 2001. Plaintiff alleged that the County Defendants forcibly removed her from the facility when she was not able to produce a new drivers license and that this conduct constituted assault and battery and intentional infliction of emotional distress. The County Defendants filed a motion for summary disposition in the state court case, which the Honorable Edward Sosnick granted on December 3, 2002.

Plaintiff states that sometime in December 2002, Elbert Hatchett– an attorney at the Firm– met with her and stated: "There is nothing else that this law firm can do for you." *See* Pl.'s Aff. ¶ 5.[2] On January 6, 2003, Toca sent Plaintiff a letter stating in part: "Pursuant to our recent conversation, this letter serves to confirm that I have concluded

---

motion. Toca accepted service at the hearing and subsequently filed an answer to the First Amended Complaint on July 8, 2005.

[2]The Court notes that, but for Plaintiff's submission of her affidavit and exhibits in response to their motions, Toca and the Firm would have lacked sufficient evidence to support the allegations set forth in their motions. While Toca and the Firm may not take Plaintiff's lawsuit seriously– as apparent from the fact that they waited until the date of the Final Pretrial to file their motions for summary judgment and from the quality of their briefs– their indifference may have resulted in this case proceeding to an unwarranted trial and a tremendous waste of the Court's time and resources.

3

my representation of you in this matter . . ." *See* Pl.'s Aff. Ex. 2. Sometime prior to June 19, 2003, Plaintiff met with counsel at the law firm of Eisenberg, Benson and Fields seeking assistance in filing a malpractice claim against Toca and the Firm regarding their representation of Plaintiff in the state court action. *See id*. Ex. 1.

### III. Applicable Law and Analysis

Toca and the Firm seek summary judgment, arguing that Plaintiff's legal malpractice claim is time-barred. They further argue that Plaintiff cannot prove that their representation was negligent. With respect to her ineffective assistance of counsel claim filed pursuant to 42 U.S.C. § 1983, the Firm argues that Plaintiff's claim fails as a matter of law.

#### A. Statute of Limitations

Pursuant to Michigan law, the period of limitations for a claim alleging legal malpractice is two years from the date the attorney discontinued serving the plaintiff or six months after the plaintiff discovered or should have discovered the existence of the claim, whichever is later. MICH. COMP. LAWS ANN. §§ 600.5805(6) & 600.5838; *see also Maddox v. Burlingame*, 205 Mich. App. 446, 450, 517 N.W.2d 816 (1994). As the Michigan Court of Appeals has summarized, a lawyer discontinues serving a client when relieved of the obligation by the client or the court, *Maddox*, 205 Mich. App. at 450 (citing *Stroud v. Ward*, 169 Mich. App. 1, 6, 425 N.W.2d 490 (1988)), or upon completion of a specific legal service that the lawyer was retained to perform. *Id*. (citing *Chapman v. Sullivan*, 161 Mich. App. 558, 561-62, 411 N.W.2d 754 (1987)).

Toca's and the Firm's representation of Plaintiff in the state court action against the County Defendants ended on December 3, 2002, when Judge Sosnick entered summary disposition for the defendants. Plaintiff concedes that attorney Hatchett informed her in mid-December that there was nothing more the Firm could do for her. Plaintiff, therefore, had two years from December 3, 2002– that is until December 3, 2004– to file her lawsuit against Toca and the Firm <u>alleging a malpractice claim</u>.[3] Plaintiff filed her lawsuit within the two year period, as it was filed on September 30, 2004; however, Plaintiff only alleged her malpractice claim (and Section 1983 claim) against Toca and the Firm in her First Amended Complaint, which was filed on January 18, 2005. Because the complaint alleging a malpractice claim was filed more than two years after Toca and the Firm terminated their legal services, Plaintiff's legal malpractice claim against them is time-barred.

---

[3]In fact, a letter from Eisenberg, Benson, and Fields expressly informed Plaintiff that she had until December 3, 2004, to file an attorney malpractice case against Toca and the Firm. *See* Pl.'s Aff. Ex. 1.

**B.     42 U.S.C. § 1983**

To state a claim under Section 1983, a plaintiff must establish the following: (1) the violation of a right secured by the Constitution and/or laws of the United States; and, (2) that the alleged violation was committed by a person acting under color of state law. *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001)(citations omitted).  Toca and the Firm clearly were not acting under color of state law as private attorneys hired by Plaintiff to file a civil lawsuit.  As the Supreme Court has held, "[a] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."  *Polk v. County of Dodson*, 454 U.S. 312, 318, 102 S. Ct 445 (1981).  The Court therefore concludes that Toca and the Firm are entitled to summary judgment with respect to Plaintiff's Section 1983 claim.

Accordingly,

**IT IS ORDERED**, that Defendant Hatchett, DeWalt, Hatchett's motion for summary judgment is **GRANTED**;

**IT IS FURTHER ORDERED**, that Defendant Frederick Toca's motion for summary judgment is **GRANTED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Carla Page
Marcellus Long Jr.
Frederick M. Toca